# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES ROGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-305-JPG |
| | ) |
| **JASON GARNETT,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff states that while he was in the Lawrence Correctional Center, he was taken for

emergency medical treatment due to part of a cotton swab stuck inside his ear. Infection had already begun to set in, no doctor was on staff that evening, and the medical personnel available were unable to remove the object. He was scheduled for an appointment the next day with Defendant Elaine Hardy, a nurse practitioner. She was unable to see the object due to mucus build-up, so she prescribed an antibiotic and a pain reliever, then scheduled a follow-up appointment a week later.

The date for the follow-up appointment came and went, but Plaintiff was not called to the medical unit. The next day he was taken to segregation on an unrelated disciplinary matter, but his medication was confiscated as part of that transfer. According to Plaintiff, the medication was confiscated on orders from Defendants Garnett and Gaetz. For the ten days he was in segregation, his infected ear got worse, as did the pain. He complained to numerous people, including Defendant Stuck; he filed numerous requests for medical treatment, but all requests were denied or ignored. Finally, after 10 days in segregation, he was taken back to the medical unit; apparently further treatment was provided at that time. Based on this scenario, Plaintiff alleges that all four defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment, for which he seeks unspecified damages for his pain and suffering.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*,

> 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Clearly, an infected ear can cause severe pain, as any parent has witnessed; objectively, Plaintiff had a serious medical need.

It is on the subjective component that this claim is lacking. Certainly Hardy cannot be liable; she provided medical treatment to him and scheduled him for a return visit. The fact that Plaintiff was not taken for that return visit does not suggest that Hardy was indifferent. Negligent, perhaps, but not indifferent.

What about Garnett, the warden, or Gaetz, the head of security in the segregation unit? Their policy that medications are confiscated from inmates in segregation does not suggest that they are deliberately indifferent to any particular inmate's medical needs. After all, medical personnel visit the segregation unit on a daily basis, according to the complaint. As Plaintiff suggests, his medication could have been administered by one of those nurses during normal rounds; the fact that this did not happen has no bearing on the security policy in the segregation unit.

The only remaining defendant is Lt. Stuck. Plaintiff alleges that he "complained to Lt. Stuck, C/O Rucker, C/O, Chadling, and others, as well as the nurses" about his ear pain. He makes no allegation regarding the number of complaints he made to Stuck, the response he received from Stuck to those complaints, or even that these complaints were in the form of conversation rather than in writing. From the brief statement above, Plaintiff has failed to state a claim against Stuck for deliberate indifference. Although the Court empathizes with Plaintiff, he simply has not presented a viable constitutional claim against Stuck or the other three named defendants.

In summary, Plaintiff's complaint does not survive review under § 1915A, as Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: September 29, 2008.**

                                           **s/ J. Phil Gilbert**
                                           **U. S. District Judge**